UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAROL WILLIAMS, an individual,<br><br>Plaintiff,<br>v.<br><br>CITY OF FEDERAL WAY, UNITED STATES OF AMERICA, UNITED STATES POSTAL SERVICE ("USPS"), ALLIED RESIDENTIAL, INC., and, MULTI-SERVICE CENTER,<br><br>Defendants. | NO.  2:19-cv-1696<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiff, Carol Williams, by and through her attorney of record, Jason Murphy of Driggs, Bills & Day, PLLC, and for cause of action against defendants City of Federal Way, United States of America, United States Postal Service, Allied Residential, Inc., Multi-Service Center, and complains and alleges as follows:

### I.   JURISDICTION AND VENUE

1.1   This is an action brought pursuant to the authority of the Federal Tort Claims Act, Title 28, §§2671,et seq. and Title 28, §1346(b) of the United States Code.

1.2   Pursuant to USC 28, §2671 and 2675(a) Plaintiffs timely filed and presented administratively a claim for damages on a standard form 95 to Defendant's agency the

COMPLAINT - 1

United States Postal Service. The United States Postal Service has failed to resolve the claim. Thus, the option to file suit has now accrued and this action has been commenced with the time limits established by the Federal Tort Claims Act, Title 28,§§2671, et seq. and Title 28,§1346 (b) of the United States Code, and this matter is ripe for filing.

1.3 Venue is proper in the above-captioned District Court pursuant to 28 USC § 1391(e)

1.4 Plaintiffs have complied with all procedures as required by the Federal Tort Claim Act,

1.5 These actions were commenced within the time permitted by the applicable statute of limitations.

1.6 Any and all claim notices have been properly filed and served, and any applicable waiting period has expired since the date of filing and service of the complaint.

1.7 Defendant(s) acknowledges that they have been properly served with the Summons and Complaint in this matter.

## II.    PARTIES

2.1 Plaintiff Carol Williams was at all times relevant hereto a resident of King County, State of Washington.

2.2 Defendant City of Federal Way is a governmental entity and, upon belief, is a municipal corporation. Defendant City of Federal Way owes the duty and is responsible for keeping city streets and sidewalks in a reasonably safe confition fot he public, including sidewalks located on or about 25th Place South, including 28621 25th Place South, Federal Way, Washington, adjacent to Villa Capri Apartments.

2.3 Defendant United States of America is a government agency responsible for its sub-agency, the United States Postal Service.

2.4 Defendant United States Postal Service ("USPS") is a sub-agency of the executive branch of the United States Federal government and caused acts or events to occur at or near 28621 25th Place South, Federal Way, Washington which form the basis for the cause of action set forth.

2.5 Defendant Allied Residential, Inc., a domestic corporation, was at all times material and relevant hereto licensed to do, and doing business in the State of Washington. It is believed and therefore alleged, that the Villa Capri Apartments located at 28621 25th Place South, Federal Way, Washington were run and managed by Defendant Allied Residential, Inc.

2.6 Defendant Multi-Service Center, a domestic public benefit corporation, was at all times material and relevant hereto licensed to do and doing business in the State of Washington. It is believed and therefore alleged, that the Villa Capri Apartments located at 28621 25th Place South, Federal Way, Washington was owned by Defendant Multi-Service Center.

### III. FACTS

3.1 Date: Plaintiff Carol Williams's injuries arise out of a trip and fall that occurred on or about June 24, 2017.

3.2 Location: The incident occurred at or near 28621 25th Place South, Federal Way, Washington 98003.

3.3 Details: On or about June 24, 2017, the Plaintiff exited her vehicle near the community mailboxes located at or near 28621 25th Place South, Federal Way, Washington, when she tripped on exposed rebar causing her to fall.

3.4 Details: There were no warning signs of a hazard at the location of the incident.

3.5 <u>Details:</u> The property was at all times relevant and material hereto, owned, run and managed by Defendants.

### IV.   CAUSES OF ACTION

4.1 This is a Federal Tort Claims Action for monetary damages sustained by Plaintiff Carol Williams, resulting from personal injury sustained as a result of the negligence of Defendants.

4.2 <u>Duty</u>:  On the date of the Plaintiff's fall, the sidewalk was under the ownership, control, supervision, management, care and maintenance of the Defendants.

4.3 It is believed, and therefore alleged, that Defendants, and each of them either created and/or allowed said dangerous, and/or hazardous condition to exist for a substantial period of time and otherwise has reasonable time and opportunity to correct the same.

4.4 It is believed, and therefore alleged, that Defendants, and each of them, should have reasonably foreseen that individuals such as Plaintiff, and other members of the public, would walk along this area of the sidewalk to gain entrance to the residence at 28621 25th Place South, Federal Way, Washington and that the same was known, or should have been known to be a tripping hazard.

4.5 <u>Negligence</u>:  Defendants, and each of them, through common law, statute, regulation and/or ordinance owed Plaintiff a duty to keep the common areas of its property safe and properly maintained for the benefit of the public, including the sidewalk. Defendant also had the duty to:

   (a) Provide safe and adequate maintenance of the sidewalk;

   (b) Provide individuals, such as plaintiff, with warnings regarding unsafe areas and hidden dangers;

    (c) Have a system to provide warnings to individuals by roping off, taping off and/ or utilizing safety cones to mark unsafe areas and hidden dangers;

    (d) Have a system in place to inspect the premises for unsafe conditions;

    (e) Have a policy of supervising employees, independent contractors and vendors to ensure that they are complying with all premises safety guidelines and all other federal, state and local safety regulations and statues;

    (f) Inspect the premises of unsafe conditions once its employees become aware or should have become aware of unsafe conditions; and,

    (g) Ensure that common areas used by individuals are designed, installed and maintained to prevent slips and falls.

4.6 <u>No Contributory Negligence</u>: Plaintiff's actions were reasonable, legal and safe. As such, plaintiff was not comparatively at fault or contributory negligent for their slip and fall resulting damages.

4.7 <u>Breach</u>: Defendants breached their duties as set forth in paragraphs 4.3-5.

4.8 <u>Proximate Cause</u>: As a direct and proximate cause of Defendant's breach of duties Plaintiff suffered personal injuries.

## V.    <u>DAMAGES</u>

5.1 As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered severe physical injuries and Plaintiff is entitled to fair and reasonable compensation.

5.2 As a direct and proximate result of the negligence alleged herein, Plaintiff has incurred and may in the future incur medical expenses and other out-of-pocket expenses and Plaintiff is entitled to fair and reasonable compensation.

5.3   As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered and may continue to suffer physical pain and suffering, and Plaintiff is entitled to fair and reasonable compensation.

5.4   As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered general damages including but not limited to, loss of enjoyment of life and permanency of injury and Plaintiff is entitled to fair and reasonable compensation.

5.5   As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered economic loss, including but not limited to, past and future wage loss and is entitled to fair and reasonable compensation.

5.6   Plaintiff is entitled to reasonable attorney fees.

5.7   Plaintiff is entitled to prejudgment interest on all medical and other out-of-pocket expenses directly and proximately caused by the negligence alleged in this complaint.

5.8   Plaintiff is entitled to costs and disbursements herein.

## VI.   LIMITED WAIVER OF PHYSICIAN/PATIENT PRIVILEGE

Pursuant to RCW 5.60.060(4)(b) and the provisions of the Uniform Health Care Information Act, RCW 42.17 and RCW Chapter 70, plaintiff hereby waives the physician-patient privilege only after 90 days, and insofar as necessary to place any and all alleged damages at issue at time of trial, as might be required by any act or statute or case law interpreting said statutes or acts in the State of Washington.  This limited waiver does not constitute a waiver of any of the plaintiff's constitutional or statutory rights and defendants are not to contact any treating physician, past, present, or future, without first notifying counsel for plaintiff, as required by and in compliance with the Uniform Health Care Information Act, so that they might bring the matter to the attention of the Court and secure appropriate relief to

COMPLAINT - 6

DRIGGS BILLS & DAY, PLLC
2125 Western Avenue, Suite 500
Seattle, WA 98121
(206) 607-9098 • FAX (206) 641-3214

include limitations and restrictions upon any such defendant's desire or intent to contact past or subsequent treating physicians ex parte, or otherwise. Plaintiff further state that Loudon v. Mhyre, 110 Wn.2d 675, 756 P.2d 138 (1988) and Kime v. Niemann, 64 Wn.2d 394 (1964), are the correct law governing waiver of physician-patient privilege in this state, and that the Uniform Health Care Information Act, RCW 42.17 and RCW Chapter 70 sets forth the legal procedures required to secure a plaintiff's medical records and any related health care information.

**WHEREFORE** Plaintiff Carol Williams prays for judgment over and against Defendants City of Federal Way, United States of America, United States Postal Service, Allied Residential, Inc., Multi-Service Center, and each of them, by way of money damages for all causes of action pled, and for all injuries and damages allowed, provided for and permitted by the common law and statutory law of the State of Washington, in such an amount as shall be determined by the finder of fact under the evidence presented at trial, together with such other damages, to include plaintiff's costs and attorney's fees, pre- and post-judgment interest on all fixed and liquidated damages where appropriate (e.g., past wage loss and fixed medical expenses), and such other and further relief as the court might deem to be just and equitable under the circumstances of the case at the time of trial herein, or post-trial.

DATED THIS 21st day of October, 2019.

DRIGGS, BILLS & DAY, PLLC

_____
Kyle Drinnon, WSBA #45960
Jason Murphy, WSBA #50605
Attorneys for Plaintiff

COMPLAINT - 7

DRIGGS BILLS & DAY, PLLC
2125 Western Avenue, Suite 500
Seattle, WA 98121
(206) 607-9098 • FAX (206) 641-3214