UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAROL WILLIAMS,

        Plaintiff,

v.

CITY OF FEDERAL WAY, et al.,

        Defendant.

CASE NO. 2:19-CV-1696-RSM-DWC

REPORT AND RECOMMENDATION

**Noting Date: January 5, 2021**

    The District Court has referred this action to United States Magistrate Judge David W. Christel. This matter comes before the Court on Defendant United States of America's (United States) Motion to Dismiss. Dkt. 35. For the reasons discussed below, the Court recommends GRANTING Defendant's motion, and DISMISSING the United States with prejudice.

## BACKGROUND

    On April 13, 2020, Plaintiff filed an Amended Complaint against the United States, USPS[1], City of Federal Way, Allied Residential, Inc., and MSC G.P. Two Apartments, LLC.,

---

[1] The United States Postal Service is not a properly named defendant in this case. *See Kennedy v. U.S. Postal Service*, 145 F.3d 1077 (9th Cir. 1998) ("[T]he United States is the only proper party defendant in an FTCA

alleging that on June 24, 2017, she exited her vehicle near the "community mailboxes" at or near 28621 25th Place South, Federal Way, Washington, "adjacent to Villa Capri Apartments," "when she tripped on exposed rebar causing her to fall." Dkt. 25.

On November 12, 2020, the United States moved to dismiss itself, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. Dkt. 35. According to the United States, subject matter jurisdiction is lacking here because Plaintiff fails to allege a prima facie case of negligence or wrongdoing by a government employee, which is a prerequisite to establish this Court's jurisdiction under the Federal Tort Claims Act (FTCA). *Id.*

On November 30, 2020, Plaintiff filed a Response in opposition to the United States' motion, clarifying that her basis for suing the United States is that "it had a duty to make sure that the mailboxes where [sic] not placed in a hazardous area." Dkt. 40.

On December 4, 2020, the United States filed a Reply, contesting Plaintiff's allegation that the United States owed Plaintiff any duty under the circumstances, and reasserting its argument that Plaintiff has failed to allege facts or law upon which this Court could exercise FTCA subject matter jurisdiction over the United States. Dkt. 41.

## **LEGAL STANDARDS**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when the court lacks subject matter jurisdiction over the claim. Subject matter jurisdiction is a threshold matter that goes to the court's power to hear the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A federal court is presumed to lack subject matter jurisdiction until a plaintiff

---

action."). Individual persons and federal agencies may not be sued under the FTCA. *See e.g., Allen v. Veteran's Administration,* 749 F.2d 1386, 1388 (9th Cir. 1984) (stating that under the FTCA "individual agencies of the United States may not be sued.").

establishes otherwise. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

A motion to dismiss for lack of subject matter jurisdiction can attack the allegations either facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A moving party facially attacks the allegations by asserting "that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*. A moving party factually attacks the allegations by "disput[ing] the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. In a factual attack, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Id*. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id*.

## **DISCUSSION**

Plaintiff's Amended Complaint asserts that this Court has jurisdiction pursuant to the FTCA. Dkt. 25 at 1. Plaintiff does not cite any other basis for this Court to preside over her personal injury claims. Defendant United States maintains that this Court does not have jurisdiction over this case because Plaintiff does not allege, nor meet her burden of furnishing evidence upon which this Court could conclude, that the United States' limited waiver of sovereign immunity under the FTCA has, in fact, been waived vis-à-vis a negligent or wrongful act or omission of a United States employee acting in the scope of employment. 28 U.S.C. § 1346(b)(1).

The FTCA's limited waiver of sovereign immunity renders the United States vicariously liable "in the same manner and to the same extent as a private individual under like circumstances…" 28 U.S.C. § 2674. *See Adams v. United States*, 420 F.3d 1049, 1051-54 (9th Cir. 2005) (FTCA is aimed at protecting federal employees acting within the scope of their employment and "'employee' is meant to be limited to individuals"). "[T]he doctrine of sovereign immunity . . . is an important limitation on the subject matter jurisdiction of federal courts." *Dunn & Black, P.S. v. United States,* 492 F.3d 1084, 1087 (9th Cir. 2007) (internal citations and quotations omitted). As the Supreme Court has explained, "the United States may not be sued without its consent" and "the existence of consent is a prerequisite for jurisdiction." *United States v. Navajo Nation,* 537 U.S. 488, 502 (2003) (internal citations and quotations omitted). Any waiver of immunity must be strictly construed in favor of the United States. *United States v. Nordic Villages, Inc.,* 503 U.S. 30, 33-34 (1992).

This Court concurs with the United States that on the face of her Amended Complaint Plaintiff does not present a claim of negligence of wrongful acts or omissions by a United States employee acting within the scope of employment. Instead, Plaintiff asserts that the United States Postal Service, generally, had a duty to ensure the mailboxes in the area where she allegedly injured herself were "not placed in a hazardous area." Dkt. 40 at 2.

Plaintiff does not submit any factual evidence to support this claim. Plaintiff points to county road design and construction standards that require the county to seek approval from the local post office when designing roads and sidewalks and anticipates that in some cases the post office will choose to install neighborhood mailboxes. Dkt. 40 at 3-5. However, Plaintiff does not present this Court with any evidence that the post office installed the mailboxes near the location of her alleged injury, much less that it *uninstalled* a mailbox and left rebar protruding from the

sidewalk. Moreover, the United States presents evidence that it does not own or maintain the mailboxes in the area, and that it did not install or uninstall the mailbox that created the allegedly hazardous rebar protrusion. Dkt. 37, 38.

Therefore, this Court finds Plaintiff has not met her burden of establishing that this Court has subject matter jurisdiction over Defendant United States in this matter, and the United States should be dismissed.

## **CONCLUSION**

The Court recommends GRANTING Defendant, United States of America's Motion to Dismiss (Dkt. 35) for lack of subject matter jurisdiction. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* FED. R. CIV. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Federal Rule of Civil Procedure 72(b), the clerk is directed to set the matter for consideration on the date noted in the caption.

Dated this 22nd day of December, 2020.

David W. Christel
United States Magistrate Judge