UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROL WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF FEDERAL WAY, et al.,<br><br>　　　　　Defendant. | CASE NO. 2:19-CV-1696-RSM-DWC<br><br>ORDER TO SHOW CAUSE<br><br>NOTING DATE: February 11, 2021 |

The District Court has referred this action to United States Magistrate Judge David W. Christel. On January 8, 2021, Chief Judge Martinez adopted this Court's Report and Recommendation (Dkt. 43) granting Defendant United States of America's (United States) Motion to Dismiss (Dkt. 35). Dkt. 44. For the reasons discussed below, Plaintiff is ordered to show cause why the Amended Complaint (Dkt. 25) should not be dismissed for lack of jurisdiction over the remaining defendants (the City of Federal Way, Allied Residential, Inc., and MSC G.P. Two Apartments, LLC.).

**BACKGROUND**

On April 13, 2020, Plaintiff filed an Amended Complaint against the United States, the United States Postal Service (USPS), City of Federal Way, Allied Residential, Inc., and MSC G.P. Two Apartments, LLC., alleging that on June 24, 2017, she exited her vehicle near the "community mailboxes" at or near 28621 25th Place South, Federal Way, Washington, "adjacent to Villa Capri Apartments," "when she tripped on exposed rebar causing her to fall." Dkt. 25. On November 12, 2020, the United States moved to dismiss itself, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. Dkt. 35. The United States argued that subject matter jurisdiction was lacking because Plaintiff failed to allege a *prima facie* case of negligence or wrongdoing by a government employee, which is a prerequisite to establish this Court's jurisdiction under the Federal Tort Claims Act (FTCA). *Id*.

On November 30, 2020, Plaintiff filed a Response in opposition to the United States' motion, clarifying that her basis for suing the United States is that "it had a duty to make sure that the mailboxes where [sic] not placed in a hazardous area." Dkt. 40.

On December 4, 2020, the United States filed a Reply, contesting Plaintiff's allegation that the United States owed Plaintiff any duty under the circumstances, and reasserting its argument that Plaintiff has failed to allege facts or law upon which this Court could exercise FTCA subject matter jurisdiction over the United States. Dkt. 41.

On December 22, 2020, this Court entered a Report and Recommendation, granting the United States' motion and dismissing the United States with prejudice. Dkt. 43. On January 8, 2021, Chief Judge Martinez adopted this Court's Report and Recommendation. Dkt. 44.

**STANDARD**

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a case for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12. A complaint must be dismissed under Rule 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III Section 2 of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *see* 28 U.S.C. § 1331 (federal question jurisdiction). Federal courts are courts of limited jurisdiction and are presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Once subject matter jurisdiction has been challenged, the plaintiff bears the burden of establishing it. *Id*.

**DISCUSSION**

Under the FTCA, the United States is the only proper defendant and is the sole party that may be sued. *See Kennedy v. U.S. Postal Service*, 145 F.3d 1077 (9th Cir. 1998) ("[T]he United States is the only proper party defendant in an FTCA action."). Individual persons and federal agencies, or individual institutions, simply may not be sued under the FTCA. *See e.g., Allen v. Veteran's Administration*, 749 F.2d 1386, 1388 (9th Cir. 1984) (stating that under the FTCA "individual agencies of the United States may not be sued.").

Since Plaintiff only asserts FTCA claims in her Amended Complaint (Dkt. 25) and has not alleged any other basis for federal jurisdiction, it appears this Court lacks jurisdiction. Therefore, this Court orders Plaintiff to show cause why her Amended Complaint (Dkt. 25)

should not be dismissed for lack of jurisdiction over the remaining defendants (the City of Federal Way, Allied Residential, Inc., and MSC G.P. Two Apartments, LLC.).

### **CONCLUSION**

Plaintiff must respond to this Order by January 29, 2021. Any Defendant may file a response by February 4, 2021. Plaintiff may file a Reply by February 11, 2021. The Clerk is directed to note the Order to Show Cause for the Court's consideration on February 11, 2021.

Dated this 12th day of January, 2021.

*[signature]*

David W. Christel
United States Magistrate Judge